

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SHELLY CULBERTSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-268-A |
| | § | |
| SELECT PORTFOLIO SERVICING, INC., ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

I.

Background

The above-captioned action was removed to this court from the District Court of Tarrant County, Texas, 342nd Judicial District, on April 2, 2013. Subject matter jurisdiction was alleged to be based on the assertion by plaintiff, Shelly Culbertson, of causes of action based on federal law, thus invoking the federal question jurisdiction statute, 28 U.S.C. § 1331. Notice of Removal at 2-3. Plaintiff's state law claims were alleged to be within the court's jurisdiction by reason of the supplemental jurisdiction contemplated by 28 U.S.C. § 1367(a). Id. at 4-5. Defendants, Select Portfolio Servicing, Inc., and U.S. Bank National Association, as Trustee for the Holders of the First Franklin Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-FF9, alleged, alternatively,

that this court has subject matter jurisdiction by reason of diversity of citizenship and amount in controversy. Id. at 5-10.

On May 6, 2013, plaintiff filed her first amended complaint in which she "jettisoned" all of her claims based on any federal statute. Am. Compl. at 2, ¶ 10. Thereafter, on May 20, 2013, defendants filed their motion to dismiss, which prompted the court to fully evaluate the record in this action, including whether the court has subject matter jurisdiction over the state court claims.

II.

Analysis

The court has concluded that it does not have subject matter jurisdiction based on diversity of citizenship, and that, now that the federal law claims are no longer in the case, it should exercise its discretion to remand plaintiff's state law claims to the state court.

In paragraph 10 of her amended complaint, plaintiff makes the following allegations:

> Plaintiff originally filed this case in the 342nd Judicial District Court of Tarrant County, Texas. In the original filing, Plaintiff alleged claims for violation of federal consumer protection statutes. Plaintiff has jettisoned those claims and herein seeks declaratory judgment as to the rights, title and interest of the parties herein to the property subject to this litigation. Consequently, Plaintiff contends that this Court lacks subject matter jurisdiction over

2

>      this lawsuit because the amount in controversy -- the
>      Plaintiff's equity in the subject property -- does not
>      meet the threshold requirement under 28 U.S.C. 1332.

Am. Compl. at 2-3.

Defendants seem to accept those allegations of the amended complaint as removing from the case any federal question, thus eliminating federal question subject matter jurisdiction. <u>See</u> Mot. to Dismiss at 2-3. Defendants are correct in their assertion that subject matter jurisdiction is established by the pleadings at the time of removal. Thus, federal question jurisdiction did exist when this case was removed. However, when the complaint was amended to eliminate the federal question, federal question jurisdiction did not exist. However, the supplemental jurisdiction the court had over the state law claims by virtue of 28 U.S.C. § 1367(a) continued to exist after the basis for federal question jurisdiction was removed from the case. But, 28 U.S.C. § 1367(c) authorizes the court to decline to exercise supplemental jurisdiction over a claim after the underlying basis for the court's exercise of supplemental jurisdiction no longer exists. In other words, once the federal question jurisdiction ground no longer existed, and if there is no other basis for subject matter jurisdiction, the court is authorized at this time to decline to exercise supplemental jurisdiction over plaintiff's state law claims.

Defendants continue to maintain, apparently on an alternative basis, that the court has diversity jurisdiction. Defendants disagree with plaintiff's pleaded contention that the court lacks subject matter jurisdiction because the amount in controversy does not meet the threshold requirement under 28 U.S.C. § 1332. The court is inclined to agree with plaintiff. Plaintiff defines the nature of the controversy and the relief she seeks in her amended complaint as follows:

> 20. An actual controversy has arisen and now exists between Plaintiff and Defendants specified hereinabove, regarding their respective rights and duties, in that Plaintiff contends that Defendants do not have the right to accept mortgage payments nor do they have the right to foreclose on the Property because Defendants have failed to perfect any security interest in the Property. Thus, the purported power of sale set forth in the original deed of trust no longer applies. Plaintiff further contends that Defendants do not have the right to foreclose on the Property because said Defendants did not properly comply with the terms of Defendants' own securitization requirements.
>
> 21. Plaintiff is informed and believes and there upon allege [sic] that the only individual with standing to foreclose is the holder of the note because they have a beneficial interest. The only individuals who are the holder of the note are the certificate holders of the Trust because they are the end users and pay taxes on their interest gains; furthermore, all of the banks in the middle were paid in full.
>
> 22. Plaintiff therefore requests a judicial determination of the rights, obligations and interest of the parties with regard to the Property, and such determination is necessary and appropriate at this time under the circumstances so that all parties may

4

> ascertain and know their rights, obligations and interest with regard to the Property.

Am. Compl. at 6. Plaintiff does not deny that she owes the mortgage debt or that the true holder of the mortgage debt does not have the right to foreclose. The declaration she seeks is that defendants do not have that right.

As is so often true in cases of this sort, which are frequently appearing before the court, the true nature of this action is for some kind of ruling to be made that will enable plaintiff to maintain, at least for the time being, possession of residential property plaintiff used as security for making a loan. Typically, the delaying action is in the form of a request for a declaratory judgment, such as plaintiff seeks in this case. Defendants have not suggested any value, measured from the perspective of the plaintiff, that might be placed on the relief plaintiff seeks in this action -- put another way, defendants have not provided the court any proof of the "value of the object of the litigation" or "the value of the right to be protected or the extent of the injury to be prevented." Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983). Thus, defendants have provided no evidentiary basis for a determination by the court that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

Thus, there being no basis for exercise of federal or diversity subject matter jurisdiction in this case as it now exists, the court must determine whether it wishes to continue to exercise jurisdiction over the state law claims asserted by plaintiff against defendants in her amended complaint. The court has concluded that it should, and does hereby, decline to exercise supplemental jurisdiction over the state law claims.

Therefore,

The court ORDERS that the above-captioned action be, and is hereby, remanded to the state court from which it was removed.

SIGNED July 25, 2013.

_____
JOHN McBRYDE
United States District Judge